Good *v.* The State.

## GOOD *v.* THE STATE.

CRIMINAL LAW. *Construction of a statute. Judge's charge. Should charge the law applicable to case proven, not hypothetical cases.* The statute requiring "judges to charge juries in case of criminal prosecutions for any felony wherein two or more grades or classes of offense may be included in the indictment, without any request on the part of the defendant so to do," was made for the protection of the accused in all cases where the facts demand its application. Its purpose is to secure to the defendant the benefit of all the law applicable to the facts of his case without any request on his part. It was not intended to call from the court a charge upon hypothetical cases not suggested by the proof. When it is clear that the grade of offense charged is proven, and there is no room for doubt as between it and a lesser grade, to charge the law pertaining to such lesser grade would simply tend to mislead and confuse the jury. Courts should act with circumspect caution, giving to the accused the full benefit of all the rules of law applicable to the facts developed in the trial of his case.

### FROM HAMILTON.

Appeal in error from the Circuit Court of Hamilton county. J. B. HOYLE, J.

SHEPPARD and LOGAN for Good.

ATTORNEY GENERAL LEA for the State.

TURNEY, J., delivered the opinion of the court.

The plaintiff in error was convicted of robbery. There is no bill of exceptions in the record, but this recital is contained in lieu, viz: "It is conceded that the evidence adduced on the trial was amply sufficient to warrant the jury in finding the prisoner guilty of an aggravated robbery as charged."

The appeal to this court is prosecuted solely upon the fact of the omission of the Curcuit Judge to charge upon the offense of an attempt to commit robbery.

The objection is claimed to be predicated of the act of the General Assembly of 1877, ch. 85, sec. 1, approved March 26, 1877, and in the words: "Be it enacted by the General Assembly of the State of Tennessee, that it shall be the duty of all judges in the State charging juries in cases of criminal prosecutions for any felony, wherein two or more grades or classes of offense may be included in the indictment, to charge the jury as to all of the law of each offense included in the indictment, without any request on the part of the defendant so to do."

This is a wise statute made for the protection of the accused in all cases in which the facts may demand its application. Its purpose is to secure to the defendant the benefit of all the law applicable to the facts of his case, without any request on his part. It was not intended, however, to call from the court a charge upon hypothetical questions not suggested by proof.

When it is clear that the grade of offense charged is proved, and there is no room for doubt as between it and a lesser grade embraced by statute in the higher, and of course included in the indictment, to charge the law pertaining to such lesser grades would simply tend to confuse and mislead the jury, and often result in verdicts inadequate to the crime actually committed. In applying the rule of this opinion courts will of necessity act with circumspect caution,

giving to the accused the full benefit of all the rules of law applicable to the facts developed in the trial of his cause.

When the offense charged is beyond controversy made out and is complete, it is the duty of the court to confine its charge to such case; and so, if the offense must be the one charged or no offense in law, as frequently happens, the charge should be so restricted that the jury may be enabled to decide intelligently the single question presented and not be mystified by abstractions.

In this case it is, as we have seen, conceded that "the evidence warranted a conviction of an aggravated robbery." Under the circumstances, to so interpret the statute as to grant a new trial for the reason assigned, would be little less than mockery in the trial of a criminal cause.

Affirm the judgment.