RUSHING *v.* STATE.

*(Nashville,* December Term, 1953.)

Opinion filed February 11, 1954.

Rehearing denied May 21, 1954.

Wayne Dewees and Ray W. Churchill, both of Memphis, Raymond T. Jarvis, of Booneville, Miss., for plaintiff in error.

Knox Bigham, Assistant Attorney General for the State.

Mr. Special Justice Weldon B. White delivered the opinion of the Court.

The plaintiff in error, James M. Rushing, has appealed from a conviction of "assault and battery with intent to commit rape", and his punishment was fixed at not more than ten years in the penitentiary. He had been indicted upon two counts, one charging violation of the age of consent, and the second count charging that the defendant did "unlawfully have carnal knowledge of Mary Elizabeth Lemley, a woman, forcibly and against her will".

Upon the trial of the case the State waived the first count of the indictment and elected to and did proceed on the second count of the indictment. A motion for a new trial was filed and overruled. A motion in arrest of judgment was then filed and overruled. The plaintiff in error has appealed and has assigned twelve errors. The facts are as follows:

Mary Elizabeth Lemley was sixteen years of age at the time of the alleged offense. She was a divorcée at the time, having been married at the age of thirteen. Subsequent to the offense she had married again, and was married at the time of the trial.

On August 23, 1952 she was employed as a car-hop at a drive-in restaurant at Memphis, that is, she took orders from occupants of automobiles and delivered food and

beverage to said occupants in accordance with said orders. On the date aforesaid she took an order from the plaintiff in error who had driven up in an automobile with another man. She was engaged in conversation with the plaintiff in error, and he asked her for a date that night. She was agreeable, and when she finished her work at about one o'clock a.m. the following morning the plaintiff in error was waiting for her in his automobile. She and a girl friend of hers by the name of Ruby Mize got in the automobile with the plaintiff in error, and Miss Mize was evidently taken directly to her home.

The prosecutrix stated that it was her intention for the plaintiff in error to drive her directly to a girls' club where she had a room. This intention was abandoned on the strength of a suggestion by the plaintiff in error that he teach her how to drive. She did drive the automobile during this time. They drove out one of the leading highways of Memphis, and finally found themselves in a secluded area.

It is unnecessary to set out in detail what actually occurred during the time that the parties were in this secluded area. It is sufficient to say that the prosecutrix testified to a state of facts to convince the mind of any reasonable person that the plaintiff in error did unlawfully have carnal knowledge of her forcibly and against her will. In corroboration of her testimony the State exhibited her blouse and shorts which seemed to have been quite dirty, and her underclothing which she said bore traces of blood. Monroe Webb, who with his wife operated the Downtown Club for girls, testified that he saw Mary Lemley come in on the night in question, that she had been crying, and her clothes were mussed up and dirty. In further corroboration of her testimony she said

that the plaintiff in error came to the lobby of the girls' club where she was staying, and told her to go to a doctor, and promised to pay her medical bills. He admits coming to the lobby, but denies that anything was said about doctors' bills. A physical examination subsequently made by a physician showed evidence sufficient to corroborate her statement that she had been violated. On the day of this examination she related the details of her encounter with the plaintiff in error on the previous day or night to certain officers in the Sheriff's Office for Shelby County, Tennessee, all of which occurred in the presence of the plaintiff in error; and she stated that he made no denial of her charges.

Some time after the occurrence, according to her testimony, the plaintiff in error came to her new place of employment and offered her $1,000, and then $2,000 to drop the case. She called an officer and related that she had been offered this sum of money by the plaintiff in error, and this conversation with the policeman occurred in the presence of the plaintiff in error.

The plaintiff in error contends that the prosecutrix was the aggressive party, and that it was she who asked for a date. He did admit that he engaged in considerable petting with Miss Lemley and engaged in certain indecent liberties with her, but contended that all of this was with her consent. He denied having relations with her or making any assault upon her.

An effort was made on behalf of the plaintiff in error to show that the prosecutrix possessed a bad character by showing that she had been requested by the Police of Nashville to leave that city, and that while in Nashville she engaged in unseemly conduct with men. The prosecutrix steadfastly maintained that she possessed a good

character, and that she had never been promiscuous in her affections with the opposite sex. The plaintiff in error was thirty-two years of age at the time of this alleged offense, and although separated he was a married man. It was his contention that the prosecutrix dressed in a most inviting manner, wearing very brief shorts in her work, and that her entire attitude was enticing and inviting. The proof is that she was wearing the uniform required in her work. The jury, upon consideration of the testimony of the prosecutrix, the plaintiff in error and other witnesses, concluded that the plaintiff in error was guilty of assault and battery with intent to commit rape, and fixed his punishment as aforesaid. There is ample testimony to support the verdict of the jury, and under these conditions this Court has repeatedly held that such a verdict would not be disturbed on appeal. This disposes of the first three assignments of error.

The fourth assignment complains that the Court erred in refusing to continue the case upon application of the plaintiff in error until such time as he could secure certain witnesses. The continuance of a case is a matter of discretion in the trial judge, and upon consideration of the record in this case we hold that he did not abuse this discretion.

For the fifth assignment of error the plaintiff in error complains that the following argument of the county prosecutor was improper: "Gentlemen, you know what's going on in this town. It is up to the juries and the Attorney General's Office to protect the women in this town." The sixth assignment complains that the prosecuting attorney was guilty of engaging in improper argument in regard to other statements made which are set out in said assignment. The alleged error of the Court

in refusing to grant the continuance and the alleged misconduct of the prosecuting attorney in making the statements set out in these assignments do not appear in the record and cannot therefore be considered. It might be said in passing, however, that these alleged acts do not appear to have been prejudicial in view of the record.

The seventh assignment of error complains that the Court erred in failing to charge the jury on the law of circumstantial evidence. This was not a case of circumstantial evidence but one of direct evidence. The jury was given a choice of believing the testimony of the plaintiff in error, corroborated to some extent by other witnesses, and the testimony of the prosecutrix. The jury chose to believe the testimony of the latter, and there is ample evidence to support their findings.

Complaint is made by the plaintiff in error that the trial court committed the errors as set out in the eighth, tenth, eleventh and twelfth assignments, and that as the result of such errors the judgment is void because the jury found the plaintiff in error guilty of assault and battery with intent to commit rape, while the indictment charges rape only. As related hereinabove, the State abandoned the first count of the indictment charging a violation of the age of consent. The case proceeded to trial upon the charge of rape.

Section 11758 of the Code of Tennessee provides as follows:

"Upon an indictment for any offense consisting of different degrees, the jury may find the defendant not guilty of the degree charged in the indictment and guilty of any degree inferior thereto, or of an attempt to commit the offense; and the defendant may also be found guilty of any offense the commis-

sion of which is necessarily included in that with which he is charged, whether it be a felony or misdemeanor.''

A, search of the reported decisions of this Court has revealed no case where the exact question presented has been passed upon, viz., ''whether the offense of assault and battery with intent to commit rape, as set out in Section 10788 of the Code of Tennessee is included in the offense of rape in Section 10780 of the Code of Tennessee.'' A number of analogous situations have been found in cases of indictment for murder which includes the offense of assault and battery; *Lang* v. *State*, 84 Tenn. 433; that the offense of the attempt to commit larceny is included in an indictment charging house-breaking, *Hughes* v. *State*, 147 Tenn. 241, 246 S. W. 834.

■ An ''assault'' has been defined by this Court and other authorities to be as follows:

''An assault is an attempt, or the unequivocal appearance of an attempt, to do a corporal injury to another, the intent to do harm being essential.'' *Richels* v. *State*, 33 Tenn. (1 Sneed) 606; *Bass* v. *State*, 65 Tenn. (6 Baxt.) 579, 588; *Cowley* v. *State*, 78 Tenn. (10 Lea) 282.

■ A ''battery'' has been defined as being:

''A battery is any unlawful beating, or other wrongful physical violence or constraint, inflicted on a human being without his consent.'' Black's Law Dict., (Third Edition), page 200.

In view of the foregoing definitions of assault and battery, how then can it be said with any degree of force that an assault and battery was not committed upon the person of the prosecutrix in effectuating this case of rape? The crime itself speaks in unmistakable language that an assault and a battery were necessary parts to the commission thereof.

It has been held in other states that:

Indictment for rape includes offense of assault and battery. *Andrews* v. *State,* 196 Ga. 84, 26 S. E. (2d) 263; *Jones* v. *State,* 118 Ind. 39, 20 N. E. 634; *State* v. *Brown,* 216 Iowa 538, 245 N. W. 306; *State* v. *Allison,* 126 N. J. L. 76, 18 A. (2d) 713.

Indictment for rape includes offense of assault with intent to commit rape. *Campbell* v. *People,* 34 Mich. 351; *State* v. *Bagan,* 41 Minn. 285 [43 N. W. 5]; *Andrews* v. *State,* supra; *State* v. *Brown,* supra.

Indictment for rape includes offense of simple assault. *State* v. *Brown,* supra.

In 27 American Jurisprudence at page 738, under the general subjects of indictments and information, there is contained the following statement:

"It is a well-established, general rule that when an indictment charges an offense which includes within it another, lesser offense, or one of a lower degree, the defendant although acquitted of the higher offense, may be convicted of the lesser, or he may be convicted of the major offense without regard to the minor one. This rule is embodied in the statutes in many jurisdictions."

Our Code Section 11758 above quoted provides that "the defendant may also be found guilty of any offense the commission of which is necessarily included in that with which he charged, whether it be a felony or misdemeanor." We hold that an assault and battery with intent to commit rape is necessarily included in the crime of rape as charged in the indictment. The trial court in its written charge to the jury used a printed form which evidently has been in common use, which form stated in part as follows:

"While this indictment describes the single offense of rape, it includes as a matter of law, two lesser offenses, viz.: Assault and Battery with Intent to Commit Rape, which is a felony, punishable by imprisonment in the penitentiary for an indeterminable period of not less than ten nor more than twenty-one years; and Assault and Battery, which is a misdemeanor, punishable by a fine and imprisonment as hereinafter explained."

The plaintiff in error cites the cases of *Wilson* v. *State*, 103 Tenn. 87, 52 S. W. 869 and *Bowmer* v. *State*, 157 Tenn. 124, 6 S. W. (2d) 326, 327. In the Wilson case the indictment was not for rape but attempted to charge a violation of the existing statute which is now Section 10788 of the Code. There was no averment of a battery in the indictment and therefore the Court held that this indictment was insufficient because of the omission of a charge of battery. Instead of using the word "battery" the word "ill-treat" was used as a synonym. It was for the reasons above indicated that this Court reversed and remanded that case for further proceeding.

The indictment in the Bowmer case charged the defendant with the crime of rape, and the jury returned a verdict of guilty of an attempt to commit rape, and fixed the sentence at ten years. The Court held that there was no statute authorizing imprisonment of ten years for an "attempt to commit rape". The Court further held that "for the felony of attempt to commit rape or any other felony punishment is prescribed by Section 6471 of Shannon's Code" (presently codified as Section 10801).

The defendant in this case was found guilty of violating Section 10788 of the Code which provides as follows:

"Any person guilty of committing an assault and

battery upon any female of the age of twelve years or upwards, with an intent, forcibly and against her will, to have unlawful carnal knowledge of her, shall, on conviction, be imprisoned in the penitentiary not less than ten nor more than twenty-one years."

In the case of *Temple* v. *State*, 127 Tenn. 429, 155 S. W. 388, 389, the defendant was indicted "for an unlawful, violent, and felonious assault and battery on the person of Clara Queen, a female under the age of 10 years, with intent to carnally know and abuse her". He was found guilty and was sentenced to death by hanging.

Temple assigned as error that the jury failed to fix the punishment, the jury reporting merely as follows: "We, the jury, find the defendant guilty as charged in the indictment." The jury failed to assess or fix the punishment. The Court held that the punishment was fixed by the statute and therefore such a verdict was not a nullity.

In discussing this case the Court said, as obiter dicta, "but there are no grades of the offense of rape and only the one offense is charged in this indictment. The grade is in the punishment and not in the offense. There is no uncertainty in the general verdict in this indictment because there is only the one offense alleged." We agree that if the defendant in the instant case had been found guilty of rape that the punishment could have been "graded" by the jury under the authority of Section 10781 of the Code, which section is as follows:

"Whoever is convicted of the rape of any female shall suffer death by electrocution; provided, the jury before whom the offender is tried and convicted, may, if they think proper, commute the punishment for the offense to imprisonment in the penitentiary for life, or for a period of not less than ten years."

The plaintiff in error complains that the trial judge was in error by failing to charge that the jury could find the defendant guilty of an attempt to commit a felony, as set out in Section 10801 of the Code. In connection with this assignment it might be observed that no special request was submitted requesting such a charge.

■ In the case of *Powers* v. *State,* 117 Tenn. 363, 97 S. W. 815, 817, the defendant was charged with murder in the first degree. Powers insisted that the Circuit Judge erred in not charging upon the law applicable to involuntary assault and battery and simple assault. The Court in rejecting this assignment said:

"It is true that the general rule is that the trial judge must charge upon every offense embraced within the indictment; but there is another rule to the effect that there will be no reversal for his failure to do so, when this court can see that the prisoner suffered no injury by reason of such omission. *Good* v. *State,* 1 Lea 293 [69 Tenn. 293] ; *State* v. *Hargrove,* 13 Lea 178, 184 [81 Tenn. 178] ; *State* v. *Parker,* 13 Lea 221 [81 Tenn. 221] ; *Tarvers* v. *State* [90 Tenn. 485], 16 S. W. 1041."

■ The Court finds that the plaintiff in error suffered no injury by reason of the omission of the trial judge to charge that the defendant could be found guilty of an attempt to commit rape. The record in this case has been read several times, and after thoughtful and careful consideration the conclusion has been reached that the plaintiff in error has had a fair and impartial trial according to the laws of this state and that the sentence is in accord with the punishment provided by the legislative branch of government in such cases. The judgment is affirmed.