JOHNNIE EDWARD BAKER, Plaintiff in Error,

*v.*

STATE OF TENNESSEE, Defendant in Error.

(*Knoxville,* September Term, 1957.)

Opinion filed June 6, 1958.

WILLIAM C. MORRELL and G. WILSON HORDE, Knoxville, for plaintiff in error.

JAMES M. GLASGOW, Assistant Attorney General for the State.

MR. JUSTICE SWEPSTON delivered the opinion of the Court.

■ Plaintiff in error, Johnnie Edward Baker, hereinafter called defendant, and one Paul Winstead Turner were indicted in the Criminal Court of Knox County on two counts. The first count alleges the robbery of Betty Hart of $65. The second count alleges armed robbery. Turner was not tried with the defendant, who was convicted of armed robbery and his punishment fixed at 10 years in the State Penitentiary.

On appeal, the first three assignments assert no evidence to support the verdict, that the evidence preponderates against the verdict and that the evidence fails to establish guilt beyond a reasonable doubt.

The appeal is here on a narrative bill of exceptions. Betty Hart testified that she is regularly employed at a bank but does part-time work selling tickets at a drive-in theater in Knox County. Her description of the ticket booth shows that the inside of the booth and the surroundings are well lighted and that on this particular evening as she entered the rear door of the ticket booth she observed two young men approaching. One went to the back door, and the other, the defendant, stood at the ticket window; the latter pulled a revolver on her, informed her that this is a stick-up and as she could see the gun with the bullets in it she handed over between $60 and $65. Defendant then stated, "You are the prettiest girl I ever held up." He then put the money in his coat pocket and exclaimed, "Everything was O. K." She testified that she got a good look at this man. A few days later she was taken over to Shelby,

North Carolina, to view a lineup of 8 or 10 men and she identified the defendant partly by the fact that he had a crew haircut and that he looked the same then as he did on the night of the robbery except that his hair was a little bit longer. She did not identify Turner who was in the lineup also.

The defendant testified in his own behalf and attempted to establish an alibi. The only other witness offered in his behalf was Turner, who took the Fifth Amendment.

Miss Hart was corroborated by the testimony of a Mr. Patterson, who testified that he was attending the movie in an automobile with his children and was parked near the concession stand; that he heard screams over a loudspeaker in the concession stand and heard her call over the loudspeaker and when he went to the ticket booth he found Miss Hart crying; he went over to North Carolina with Miss Hart and viewed the same lineup and saw her identify the defendant.

Under the above circumstances, we can not say that these three assignments are meritorious; the jury had these witnesses before them and they chose to believe the tstimony of Miss Hart and the disinterested witness Mr. Patterson instead of the testimony of the defendant who was a highly interested witness. Therefore, we must overrule these three assignments.

The only other assignment is that the trial judge committed error when he did not submit to the jury the first count alleging simple robbery but declined to do so and submitted to the jury for its consideration only the count involving armed robbery.

■ This Court has repeatedly held following *Good v. State,* 69 Tenn. 293, that where there is no evidence to support a lesser included offense and that, therefore, the accused can be guilty only of the greater offense or no offense at all, it is not error to refuse to instruct on the lesser included offenses.

The assignments are overruled and the judgment is affirmed.