J. C. REYNOLDS, Plaintiff-in-Error,

*v.*

STATE OF TENNESSEE, Defendant-in-Error.

358 S.W.2d 320.

(*Knoxville*, September Term, 1961.)

(May Session, 1962.)

Opinion filed June 5, 1962.

KYLE K. KING, Greeneville, for plaintiff in error.

GEORGE F. MCCANLESS, Attorney General, LYLE REID, Assistant Attorney General, Nashville, for the State.

Mr. Justice White delivered the opinion of the Court.

The plaintiff-in-error, defendant, was indicted on two counts, one of grand larceny and the second on receiving stolen property. He was convicted on the first count and sentenced to serve three years in the Penitentiary, which verdict was approved by the Trial Court, a judgment entered thereon and thereafter a motion for a new trial was seasonably made and overruled. The defendant has appealed and assigns errors.

The facts are substantially as follows:—Miss Jean Brookes, a member of the faculty of Tusculum College, went to a self-operated or coin operated laundry in Greeneville, Tennessee, to wash some clothes. She placed her purse in a chair while she transferred some clothes from one machine to another. The purse was taken by the defendant, the billfold removed therefrom and the purse was thrown in some weeds where it was later found.

The only dispute as to the facts in the case is as to the amount of money which was taken by the defendant. The brief filed on behalf of the plaintiff-in-error, defendant, says:

"It is conceded that the overwhelming weight of the evidence is to the effect that Miss Brookes had more than $100.00 in her purse. However, it is the contention of the plaintiff in error that there is some proof in the record that might warrant the jury in coming to the conclusion that there was less than $100.00."

Miss Brookes testified that she had between $120.00 and $130.00 in her purse together with the usual driver's license, identification cards and other miscellaneous papers. She testified in answer to a direct question as to the exact amount of money in the purse by saying:—"It was more than $100.00."

On cross-examination she was asked: "It would be impossible to state just exactly how much money you had in your pocketbook, wouldn't it Miss Brookes?" A. "Impossible to give an exact amount. But I am certain it is within a hundred and twenty and one hundred and thirty dollars." Q. "But you can't—you are just giving a guess, your best opinion, aren't you, Miss Brookes?" A. "My best opinion."

An officer testified that $90.00 was recovered from the defendant. This officer further testified that the plaintiff-in-error, defendant, had made statements that he had given $10.00 to his father from the billfold and that the defendant had stated to him, the officer, that there was $117.00 in the billfold.

The defendant did not testify in the case, but a statement given by him to officer Watts appears in the record in which it is stated:—"I got the pocketbook and went out side and around behind the Shopping Center * * * and I took the billfold out of the pocketbook and threw it away in some weeds. * * * I told my wife and dad that I found the money and I gave my dad $10.00. And me and my wife went up to the Kingsport Road to wait on a cab that I had called."

The statement then shows that the defendant gave $5.00 to the cab driver and later that he bought $2.00 worth of gas to put in another automobile and then he spent $2.80

for bus tickets and $2.06 for two dinners. These amounts total $11.86 and it is shown in the record that the police recovered either $89.00 or $90.00. These items added to the $10.00 that the defendant gave to his father total $21.86, which when added to the amount recovered by the police from the defendant in the billfold amount to well in excess of $100.00.

The defendant assigns as error the failure of the Trial Judge to charge the jury with reference to petit larceny and that the punishment of three years in the penitentiary is excessive.

■ In the first place, the only credible proof in the record, and as a matter of fact the only proof in the record, is to the effect that the amount of money taken by the defendant was in excess of $100.00. The request made by the defendant that the Court charge the jury on the lesser crime of petit larceny was not reduced to writing as required by Section 40-2517, T.C.A., viz.:

"If the attorneys on either side desire further instructions given to the jury, they shall write precisely what they desire the judge to say further. In such case the judge shall reduce his decision on the proposition or propositions to writing, and read the same to the jury without one word of oral comment it being intended to prohibit judges wholly from making oral statements to juries in any case involving the liberties and lives of the citizens."

But even if it had been so reduced the Court would not have been justified in so instructing the jury under the facts of this case.

■ The general rule of law is that petit larceny is included in the indictment for grand larceny, but the Court is not required to instruct on lesser included offenses where there is no evidence, as in this case, to support a lesser included offense. *Good v. State,* 69 Tenn. 293; *Rushing v. State,* 196 Tenn. 515, 268 S.W.2d 563; *Baker v. State,* 203 Tenn. 574, 315 S.W.2d 5.

There is nothing in the record to indicate that the verdict of the jury was excessive or that it is contrary to the weight of the evidence. All of the evidence in the case is to the effect that the defendant is guilty as charged and there is nothing left for this Court to do but to affirm the action of the Trial Court, which it does at the cost of the plaintiff-in-error.