JOHN P. BROWN, Plaintiff in Error, v. STATE OF
TENNESSEE, Defendant in Error.—472 S.W.2d 230

At Knoxville. July 27, 1971.

Certiorari Denied by Supreme Court October 4, 1971.

Henry R. Price, Rogersville, for plaintiff in error.

David M. Pack, Attorney General, Bart Durham, Assistant Attorney General, Nashville, Heiskell H. Winstead, District Attorney General, Rogersville, for defendant in error.

GALBREATH, J.  The plaintiff in error was convicted in the Hawkins County Criminal Court of concealing property knowing the same to have been stolen and sentenced to three years in the penitentiary and appeals assigning error:

(1) The failure of the trial court to grant a severance;

(2) The insufficiency of the evidence; and

(3) The failure of the trial court to charge the law on concealing stolen property under the value of $100.00.

The proof reveals that on the 19th day of April, 1970, a public address system, shotgun, radio speaker, ampli-

fier and siren, and associated parts of the radio equipment were stolen from a police car owned by the city of Church Hill. The following day G. W. Harmon, Jr., an officer for the Church Hill Police Department acting on information received approached the defendant, John P. Brown, at a beer store in Church Hill and asked for permission to look under the hood of the automobile he was driving. Upon being given permission the officer lifted the automobile's hood and saw a speaker matching the description of the one missing from the police car. Officer Harmon asked Brown to wait until he radioed for the Chief of Police to come to the scene for the purpose of further identifying the radio equipment, and while he was making the call the defendant drove away. Officer Harmon pursued the defendant's car and came upon it abandoned at the intersection of old Highway 11-W and Dover Street with the door open. The car was rolling backwards and the left rear tire was flat. The officer stopped the rolling car and put its gears in the park position. In the defendant's car officer Harmon found the stolen shotgun and controls for the missing sound equipment. An arrest warrant was procured and the defendant was apprehended about 2 A.M. the following morning in some grass in an empty field across from his home. Chief Campbell and officer Harmon, who between them comprised the complete police department of Church Hill, took the defendant to his house where he voluntarily turned over to them the rest of the missing equipment.

The defendant was interviewed by an agent of the Tennessee Bureau of Criminal Identification, James Waldrop, while in jail, and after proper advice as to his

constitutional rights and immunities Brown gave a statement which was introduced into evidence without objection through the testimony of Mr. Waldrop. Denying any participation in the actual theft the defendant admitted that he purchased the property from a person whose identity at that time was unknown to him for twenty-five dollars, and, significantly, that he realized at the time he was buying the property that he knew it had been stolen from the Church Hill Police car. Partly through information obtained from Brown the co-defendant Jep Dwayne Bailey, the person Brown claimed sold him the property, was arrested; and both of them were indicted for the offenses of grand larceny and receiving and concealing. Bailey denied any knowledge of the theft and was acquitted.

As a witness in his own behalf Brown acknowledged that he "suspected" the property he said he purchased from Bailey was that he knew had been stolen from the cruiser. He testified:

"I suspected that * * * had a strong possibility that it could have been the missing equipment, but without having any more knowledge than I did of the equipment, I couldn't say for sure."

It is obvious that the proof admitted to the jury amply supports their verdict that Brown had guilty knowledge that the property he had concealed in his car was stolen. His confession alone, accredited by the jury, was sufficient to establish his guilt, and his testimony did little to explain or dispell the inferences of his possession and his flight when that possession was discovered.

■■ Evidence of flight to avoid arrest or to escape from custody is admissible against a defendant to prove guilty fear, although such evidence is not conclusive and may be rebutted by credible explanation by the accused of some motive other than guilt for attempting to escape. See Underhill's Criminal Evidence, Secs. 373-374. The evidence of flight or escape should go to the jury, who are the sole judges of the weight and sufficiency and of the motives which prompted the flight. Brown explained his efforts to avoid capture by Officer Harmon were motivated by a fear of personal animosity he claimed the officer had for him, but did not explain why he feared Harmon other than in the past he thought his automobile had been followed by the policeman. He testified that he had never been otherwise molested or arrested by Harmon.

Before us with the presumption that the judgment of the trial court is correct, the defendant has not carried the burden of proof cast on him to show that the evidence preponderates against the verdict of the jury as approved by the trial judge. See McBee v. State, 213 Tenn. 15, 372 S.W.2d 173.

■ Without merit too are the assignments of error relating to the value of the property concealed. There was no dispute as to the combined value of the radio and sound equipment and the shotgun, which was estimated far in excess of $100.00. The court is not required to charge on lesser included offenses where there is no evidence, as in this case, to support a lesser included offense. See Good v. State, 69 Tenn. 293; Rushing v. State, 196 Tenn. 515, 268 S.W.2d 563; Baker v. State, 203 Tenn.

574, 315 S.W.2d 5; Reynolds v. State, 210 Tenn. 310, 358 S.W.2d 320.

■ We finally hold that the learned trial judge was within the proper exercise of his discretion in refusing to grant Brown a severance from the co-defendant Bailey. Not only did Brown fail to demonstrate on application for the severance that he would be prejudiced in being tried with Bailey so as to meet the test laid down in such cases as Ellis v. State, 218 Tenn. 297, 403 S.W.2d 293, but it clearly appears from the record in this case that the evidence offered on behalf of Bailey did not in any wise implicate Brown. Bailey simply denied any knowledge of the crime.

The judgment is affirmed.

Dwyer and Mitchell, JJ., concur.