WILLIAM J. MURPHY, Plaintiff in Error, v. STATE
OF TENNESSEE, Defendant in Error.
—475 S.W.2d 182.

August 10, 1971.

Certiorari Denied by Supreme Court December 20, 1971.

Paul D. Welker, Clarksville, for plaintiff in error.

David M. Pack, Attorney General, Thomas E. Fox, Deputy Attorney General, Nashville, Noel R. Bagwell, District Attorney General, Clarksville, for defendant in error.

DWYER, J. A jury in Montgomery County found the defendant guilty of possessing a narcotic drug in violation of T.C.A. 52-1303. His punishment with judgment pronounced thereon was fixed at a fine of five hundred dollars and confinement for not more than three years.

On May 31, 1969, members of the Clarksville Police Department, armed with a search warrant, searched the home of the defendant. In a dresser drawer they found seven glassine envelopes containing white powder. On the kitchen table a syringe, needle and measuring spoons were found. The defendant admitted the glassine envelopes were his. A chemist for the Tennessee Department of Health testified that the envelopes contained a derivative of morphine, commonly known as heroin. The officers testified that they looked for and found "snake tracks" on the arms of Murphy, which in the vernacular of the narcotic agents, means needle marks. There is no challenge made as to the sufficiency of the evidence. The only assignment made on this appeal is that the court erred in refusing the defendant's special request; that is, he contends the court should have charged the jury on an attempt to commit a felony as an included offense. T.C.A. 40-2518. At the trial his request was submitted under T.C.A. 39-603. He relies upon Strader v. State, 210 Tenn. 669, 362 S.W.2d 224, as his authority to bolster his contention. In that case the following language may be found:

"Thus, the command of this statute is without qualification or exception. It includes all cases of felonies with lesser included offenses, and requires the judge to charge the jury as to all the law of each of such offenses in all such cases. But we have held that such charge need not be given where there is '*no evidence*' of such offense, and the charge would be a mere abstraction 'upon hypothetical questions not suggested by proof.' Good v. State, 69 Tenn. 293, 294-296; Baker v. State, 203 Tenn. 574, 577, 315 S.W.2d 5."

In Baker v. State, 203 Tenn. 574, at page 577, 315 S.W.2d 5, at page 6, quoting from Good v. State, 69 Tenn. 293, the following may be found:

". . . where there is no evidence to support a lesser included offense and that, therefore, the accused can be guilty only of the greater offense or no offense at all, *it is not error to refuse to instruct on the lesser included offenses.*" (emphasis added)

In Black v. State, Tenn.Cr.App., 443 S.W.2d 523, the following language may be found:

"In each case wherein it is assigned as error that the trial judge failed to charge lesser included offenses, *the facts of the particular case disclosed in the record must be considered in resolving the question.*" (emphasis added)

In Wharton's Criminal Law and Procedure, Vol. 5, sec. 2099, page 268, the following may be found:

". . . But if it is clear from the evidence that a lesser degree of guilt if not involved, *it is not error for the*

*court to refuse a request for, or to fail to give such instructions.''* (emphasis added)

In Patterson v. State, 218 Tenn. 80, 87, 400 S.W.2d 743, 747, the following may be found:

". . . In other words, all Strader teaches is that where there are issues raised by the evidence of lesser included offenses then it is necessary to charge these, . . .

\*       \*       \*       \*       \*       \*

". . . *Strader,* it seems to us, adheres to this principle, that the charge of lesser included offenses is necessary only when the evidence requires it."

In this record under the proven facts and circumstances as outlined, there is no issue raised commanding the court to give the requested charge. The defendant either unlawfully possessed the narcotic or he did not. In other words, the crime, possession of the narcotic, was consummated. He admits that he did. To have charged on an attempt to commit a felony under these proven facts would have been a lesson in abstraction.

The judgment is affirmed.

Russell and Mitchell, JJ., concur.