Chester **JOHNSON**, Plaintiff in Error,

v.

**STATE** of Tennessee, Defendant in Error.

Court of Criminal Appeals of Tennessee.

Dec. 7, 1973.

Certiorari Denied by Supreme Court Feb. 4, 1974.

Charles E. Baucum and Hugh W. Stanton, Jr., Memphis, for plaintiff in error.

David M. Pack, Atty. Gen., and Weldon B. White, Jr., Asst. Atty. Gen., Nashville, James W. Harrison, Asst. Dist. Atty. Gen., Memphis, for defendant in error.

### OPINION

O'BRIEN, Judge.

Defendant was indicted for larceny, receiving and concealing stolen property over the value of $100.00. He was convicted of grand larceny and sentenced to serve not less than three nor more than three years in the State Penitentiary. He appeals.

The State's evidence shows that the defendant forcibly took from the victim the

keys to his 1967 Pontiac automobile. Later in the day defendant was observed driving the vehicle and was arrested. According to the police officers defendant stated that the automobile was his.

In his own defense defendant testified he was framed. He says the victim voluntarily gave him the car keys and they became involved in a fight when the victim requested the return of the keys. He denied being seen driving the automobile but stated the car was given to him.

The first three assignments of error challenge the weight and sufficiency of the evidence, while the sixth assignment contends the trial court erred in denying a motion for a directed verdict to the first count in the indictment because there was no evidence that defendant did "steal, take and carry away" the automobile in question.

■ Assignments of Error 1, 2, 3, and 6 are overruled. The brief summary given above clearly indicates the evidence warranted the verdict of the jury who saw the witnesses and heard their testimony. We do not find that the evidence preponderates against the verdict. Cooper v. State, 123 Tenn. 37, 138 S.W. 826; Gann v. State, 214 Tenn. 711, 383 S.W.2d 32.

By the fourth assignment it is contended that the trial court erred in failing to charge the jury on the offense of assault with intent to commit a felony; and the fifth assignment assesses error for failure to charge the jury on lesser included offenses as required by statute, and from testimony at trial.

■ Although the evidence in this case shows that defendant forcibly took the car keys which belonged to the victim, he was charged with grand larceny, receiving and concealing stolen property.

A jury instruction on assault with intent to commit a felony was neither proper or necessary in this case and could only have served to confuse the jury had it been given. The offense of grand larceny as charged in the indictment was fully substantiated by the evidence. An "attempt" in criminal law is an effort or endeavor to accomplish a crime, amounting to more than mere preparation or planning for it, which, if not prevented, would have resulted in the full consummation of the act attempted, but which, in fact, does not bring to pass the parties ultimate design. In Levasseur v. State, 3 Tenn.Crim.App. 513, 464 S.W.2d 315, this court said:

"The gravamen of an attempt would be the lack of consummation of the act. In this record there is to be found no evidence of an attempt to sell marijuana. There is found and accredited so by the verdict of the jury the completed, consummated sale of the marijuana by the Levasseurs to the agent. In the absence of factual evidence to sustain the charge as requested it is not error for the court to refuse the request."

Also see Murphy v. State, Tenn.Cr.App., 475 S.W.2d 182. There was no dispute about the value of the property or the fact that the automobile was taken. It was the defendant's position that the automobile was given to him. See Brown v. State, Tenn.Cr.App., 472 S.W.2d 230; Good v. State, 69 (1 Lea) Tenn. 293; Rushing v. State, 196 Tenn. 515, 268 S.W.2d 563; Baker v. State, 203 Tenn. 574, 315 S.W.2d 5; Reynolds v. State, 210 Tenn. 310, 358 S.W.2d 320.

The judgment of the trial court is affirmed.

GALBREATH and DWYER, JJ., concur.