Lawrence JOHNSON, Petitioner,

v.

STATE of Tennessee, Respondent.

Supreme Court of Tennessee.

Dec. 29, 1975.

Walker Gwinn, Asst. Public Defender, Memphis, for petitioner; Edward G. Thompson, Memphis, of counsel.

Weldon B. White, Jr., Asst. Atty. Gen., Nashville, for respondent; R. A. Ashley, Jr., Atty. Gen., Nashville, of counsel.

## OPINION

HARBISON, Justice.

Petitioner, Lawrence Johnson, was indicted for the offense of robbery with a deadly weapon in violation of T.C.A. § 39–3901. He was found guilty of the offense of robbery, and sentenced to serve from five to ten years in the penitentiary.

At the trial, counsel for petitioner requested jury instructions on the offense of larceny from the person, as defined in T.C.A. § 39–4206, and on the offense of petit larceny and the punishment therefor as defined in T.C.A. §§ 39–4203, 4204.

The trial judge gave instructions to the jury on the offenses of robbery with a deadly weapon, robbery, and grand larceny. He refused to include in his charge instructions on larceny from the person and petit larceny.

The Court of Criminal Appeals affirmed the conviction and held that the failure of the trial judge to give the requested instructions was not prejudicial error.

The Court of Criminal Appeals held that there was ample evidence to support the verdict of the jury as to the offense for which petitioner was convicted, and after reviewing the record we are in agreement with this conclusion.

There was evidence introduced at the trial, however, primarily through confessions admittedly given by the petitioner, which would have supported a conviction for the offense of larceny from the person, or of petit larceny. The incident out of which the prosecution arose involved the taking of a purse from a schoolteacher by petitioner. It was the contention of the prosecuting witness that the purse was not in her physical possession, but was on the back seat of her automobile. She also contended that the purse was taken from her at knifepoint, and that she was placed in fear of her life. On the other hand, the statements made by the petitioner were to the effect that he snatched the purse from the hands of the prosecuting witness, and he denied that there was any sort of knife or other weapon employed. The prosecutrix placed the value of the purse and its contents in excess of one hundred dollars; the statements of the petitioner at less than that amount.

T.C.A. § 40–2518 requires the trial judge in a criminal case to instruct the jury as to the law on each criminal offense included in the indictment, whether requested to do so or not.

■ This Court has held that there is no requirement to include such instructions when no evidence at all is offered as to lesser included offenses. *Reynolds v. State*, 210 Tenn. 310, 358 S.W.2d 320 (1962). In that case, which also involved the theft of a pocketbook, the Court found no credible proof in the record that the sum of money taken was less than one hundred dollars, and accordingly held that there was no necessity for the trial court to include a charge on petit larceny. See also *Baker v. State*, 203 Tenn. 574, 315 S.W.2d 5 (1958); *Rushing v. State*, 196 Tenn. 515, 268 S.W.2d 563 (1954).

Although the foregoing rules are well settled, this Court has also stated:

"But where the evidence, upon any view the jury may take of it, permits an inference of guilt as to such lesser included offenses, it is the mandatory duty of the Trial Judge to charge all the law as to each of such offenses, and a failure to do so requires a reversal and a new trial." *Strader v. State*, 210 Tenn. 669, 679, 362 S.W.2d 224, 228 (1962).

■ In the present case, the offense of petit larceny was clearly a lesser included offense and should have been charged, because there was evidence of a credible nature in the confessions of the defendant, showing a value of less than one hundred dollars. There was also evidence in his confessions which, if believed by the jury, would have permitted a conviction on the charge of larceny from the person. Since a correct and accurate request for instructions on this offense was tendered, we hold that the trial judge was in error in refusing to give it.

■ The test as to whether instructions on lesser included offenses or special requests should be given is not by any means the same test as that in determining whether evidence is sufficient to sustain a conviction. The cases are clear that if there is any evidence which reasonable minds could accept as to any such offenses, the accused is entitled to appropriate instructions.

In the present case the Court of Appeals stated that "The convincing and credible proof . . ." was to the effect that the value of the property taken was more than one hundred dollars. We have already pointed out that there was contrary credible evidence as to this offense. As to the offense of larceny from the person, the Court of Appeals pointed out that the jury did not convict the defendant of this offense, and did not find that his conduct met the statutory definition of the crime. The test, however, is not what the jury found, but whether there was any evidence in the record from which the jury could have concluded that those statutory elements were present. The text of the confession given by the defendant was such that, if believed, a conviction for this offense could have been sustained.

**560**

We sustain the assignments of error in the petition for certiorari addressed to the failure of the trial judge to give appropriate instructions. We have considered the remaining assignments, but we are of the opinion that all of them were properly considered and overruled by the Court of Criminal Appeals.

The judgment of the Court of Criminal Appeals and of the trial court are reversed, and the cause is remanded for a new trial.

FONES, C. J., COOPER and HENRY, JJ., and DYER, Special Justice, concur.