**William Joseph WALDEN, Appellant,**

**v.**

**STATE of Tennessee, Appellee.**

Court of Criminal Appeals of Tennessee.

Oct. 3, 1978.

Certiorari Denied by Supreme Court Dec. 28, 1978.

Charles L. Hendrix, Asst. Public Defender, Nashville, for appellant.

Brooks McLemore, Jr., Atty. Gen., Robert E. Kendrick, Deputy Atty. Gen., Nashville, Roger T. May and Pat Apel, Asst. Dist. Attys. Gen., Nashville, for appellee.

## OPINION

RUSSELL, Presiding Judge.

The appellant, William Joseph Walden, was convicted by a jury of robbery and his punishment was fixed at not less than five years nor more than ten years in the State Penitentiary. He now appeals the conviction, citing as his sole assignment of error the refusal of the trial judge to charge the jury as to the lesser included offense of larceny from the person.

William A. Caldwell, the robbery victim, testified that he was drinking at a private club in Nashville when he was approached by the appellant. Together they began to "match coins" for drinks, and after about an hour and a half the stakes had increased to five dollars a "match". After one such "match", Caldwell accused the appellant of cheating and refused to pay him the five dollars. The two then parted, with the appellant being asked to leave by the management a short time later. Subsequently, Caldwell also left, only to encounter the appellant outside. In order to avoid further argument, Caldwell agreed to pay off the five dollar bet, but did not have the correct change. The two proceeded across the street where Caldwell attempted to change a one hundred dollar bill. Only five twenty dollars bills could be obtained as change and as the two men recrossed the street, the appellant seized one of the twenty dollar bills from Caldwell's hand, adding "Well, I'll just take that", and proceeded to walk away. (This was not the taking that he was prosecuted for, but it was the subsequent taking hereinafter described.) Caldwell quickly followed and succeeded in stopping the appellant. According to Caldwell, the appellant then grabbed him by the neck, stated "I'm going to take your whole billfold", knocked out two of the victim's teeth, took his wallet, and fled. Caldwell again gave chase, but abandoned his pursuit when the appellant entered a vacant lot. After the police were contacted, the appellant was arrested and the wallet and money were found upon his person. At trial, the appellant testified that he and Caldwell had scuffled outside the club; that he was subsequently sent by Caldwell to get change; that he must have picked up Caldwell's wallet by mistake; and that he was stopped by a policeman before he had time to get the change. A witness for the State testified that he saw two men fighting on the street at about the time the incident occurred, and that one man fled pursued by the other.

It is well-settled law in Tennessee that the trial judge is not required to instruct on lesser included offenses where there is no evidence to support a lesser included offense. *Whitwell v. State,* 520 S.W.2d 338, 343 (Tenn.1975). In *Whitwell* our Supreme Court went so far as to disapprove of the practice of charging petit larceny (in the context of its being an included offense) "where there is no evidence to support [it]". *See Johnson v. State,* 531 S.W.2d 558, 559 (Tenn.1975); *Strader v. State,* 210 Tenn. 669, 679, 362 S.W.2d 224, 228 (1962); *Reynolds v. State,* 210 Tenn. 310, 313–314, 358 S.W.2d 320, 321 (1962); *Carmon v. State,*

**598**

512 S.W.2d 595, 597–598 (Tenn.Cr.App. 1974); *Lee v. State,* 498 S.W.2d 909, 913 (Tenn.Cr.App.1973); *Murphy v. State,* 4 Tenn.Cr.App. 610, 612, 475 S.W.2d 182, 183 (1971); *Black v. State,* 1 Tenn.Cr.App. 373, 379, 443 S.W.2d 523, 526 (1969). In *Baker v. State,* the Tennessee Supreme Court held that "where there is no evidence to support a lesser included offense and that, therefore, the accused can be guilty only of the greater offense or no offense at all, it is not error to refuse to instruct on the lesser included offenses". *Baker v. State,* 203 Tenn. 574, 577, 315 S.W.2d 5, 6 (1957). The learned trial judge in this case charged the jury on robbery and assault and battery. There was evidence in the record raising the issues involved in both of those offenses. However, there was no evidence presented which could justify a charge of larceny from the person. Even if the testimony of the appellant is wholly believed, larceny from the person is not made out because the appellant claims he had Caldwell's property by consent. If such were the case, there would have been no unlawful taking.

We find, therefore, that the trial court in this case properly refused to instruct the jury concerning larceny from the person as a lesser included offense, and that the appellant was in no way prejudiced by the judge's charge to the jury. Accordingly, the assignment of error is overruled and the judgment below is affirmed.

DAUGHTREY and TATUM, JJ., concur.