**STATE of Tennessee, Appellee,**

v.

**Randall Joe SEXTON, Appellant.**

Court of Criminal Appeals of Tennessee, at Knoxville.

May 13, 1986.

Permission to Appeal Denied by Supreme Court Nov. 3, 1986.

Charles C. Burks, Jr., Knoxville, for appellant.

W.J. Michael Cody, Atty. Gen. & Reporter, Bettye Springfield-Carter, Asst. Atty. Gen., Nashville, William H. Crabtree, Robert L. Jolley, Jr., Asst. Dist. Attys. Gen., Knoxville, for appellee.

## OPINION

DWYER, Judge.

A Knox County Criminal Court jury found appellant guilty of murder in the first degree, aggravated kidnapping and armed robbery.

He received a life sentence on the murder in the first degree offense, and a one-hundred and twenty-five year sentence on the armed robbery offense. The aggravated kidnapping offense was set aside by the trial court. The trial court ordered the life sentence to run consecutively with a life sentence imposed from the appellant's conviction in a Grainger County case, and the robbery conviction was ordered to run consecutively with the life sentence. The codefendant, Terry Lynn King (not a party to this appeal), received the death penalty.

The issues question: the admission into evidence of the confession of the codefendant; the closing argument of the prosecutor; the admission of skull fragments of the decedent into evidence; the sufficiency of the evidence as to the armed robbery conviction; the failure of the court to charge on lesser included offenses; and a rule violation in not requiring the prosecutor to testify first.

With no issue as to the sufficiency of the evidence in the murder in the first degree offense, it suffices to relate from our review the following.

The victim's body was found on August 6, 1983, wrapped in a tent in a rock quarry off Asbury Road in Knox County. The cause of death was a gunshot wound delivered by a high powered rifle with such force and energy that the victim's skull disintegrated. The record also reflects that more than one gunshot may have been fired. The young housewife was last seen alive on July 31, 1983, when she left her husband and ten-year-old daughter at home in Talbott to go to McDonald's for hamburgers.

A State's witness, Jerry Childress, friend of the codefendant King, testified that on August 1, 1983, King told him that he had locked the victim in the trunk of her car, obtained a .30–.30 rifle from a friend and shot the victim in the back of the head. A prompt investigation led officers to the appellant for he was also a friend of King's. When they began questioning appellant, he confessed in detail to assisting King in the killing of the decedent.

From there, the officers interrogated King who was already in the Knox County Jail. King also gave a detailed statement about the homicide. The appellant denied being present when King shot the victim. When questioned by the officers, appellant was wearing sun glasses which were later identified as the property of the victim.

■ The evidence is of course overwhelming as to the guilt of the appellant concerning his dastardly and despicable participation in this homicide. He supplied King with the rifle and ammunition that was used. He supplied the tent in which the body was wrapped. Furthermore, hair samples and blood stains were found in the trunk of his car. He freely admitted to helping dispose of the body. Although he denied participating in the killing, the jury has obviously rejected this denial. From the above facts a jury could and did infer that appellant was, in the best light to him, aiding and abetting King in this heinous crime. Additionally, with appellant throwing away the decedent's purse and wearing her sun glasses, there is ample evidence for the jury to conclude that the appellant not only murdered the victim but also robbed

her. The issue relating to the evidence is accordingly overruled.

■ The next issue: The appellant claims that the admission of King's statement sans King testifying created a *Bruton* violation which denied the appellant his right to due process via lack of cross examination. *See Bruton v. United States*, 391 U.S. 123, 88 S.Ct. 1620, 20 L.Ed.2d 476 (1968). In this record inculpating statements of both King and the appellant were admitted into evidence. The trial court charged the jury that the confession of one cannot be considered as to the other. Unquestionably, the two confessions interlocked for the confessions were similar in material aspects. For example, both King and appellant admitted that they were together on Monday morning, August 1, 1983, the date the victim was killed. In fact, both men related that King had come to the appellant's home that Monday morning seeking the appellant's assistance. The confessions reveal that the appellant assisted King in the following manner: (1) by transporting the victim to a secluded area wherein the victim was eventually shot by King; (2) by providing the rifle King used to shoot the victim; and (3) by disposing of the body the following day in a nearby quarry. There is no *Bruton* violation here and it was not error to allow the confessions that were freely and voluntarily given by appellant and King to be admitted. *Parker v. Randolph*, 442 U.S. 62, 99 S.Ct. 2132, 60 L.Ed.2d 713 (1979). This issue is overruled.

■ The appellant cites as error the use of the term "they" by the prosecutor during final argument when summarizing the events of the homicide. The argument was based on logical inferences flowing from the evidence that had been introduced and it was not therefore error. In any event, even if such was error, it could not have affected the results. T.R.A.P. 36(b). This issue is overruled.

■ In his next issue, the appellant complains that the introduction of the actual skull fragments of the victim was error. The appellant reasons that since the cause

of death was stipulated to, the skull fragments were not relevant. We disagree. The medical expert used the skull fragments to demonstrate the nature and type of injury suffered by the decedent. This evidence was also relevant to show the "lead splatters" on the skull which were consistent with the infliction of a wound by a high powered rifle. Further, the nature of the injury was relevant on the issue of premeditation. *Cagle v. State,* 507 S.W.2d 121 (Tenn.Crim.App.1973). Finally, the introduction of the skull fragments for these purposes was not prejudicial. *State v. Morris,* 641 S.W.2d 883 (Tenn.1982). This issue is overruled.

 The charge issue: The trial court denied a request to charge on murder in the second degree and larceny. It is appellant's argument that these are lesser included offenses, which should have been charged. There is no error here. From the evidence, as narrated, the offense of murder in the first degree was clearly proven; hence, there was no error in not charging on the lesser offenses. *State v. Mellons,* 557 S.W.2d 497 (Tenn.1977). Likewise, the decision not to charge the jury on the offense of larceny was not error. The evidence again reflects that the offense of robbery was committed and there was no proof that the offense of larceny had occurred. *Johnson v. State,* 531 S.W.2d 558 (Tenn.1975). A jury could infer from the evidence as presented that it was the intent of the appellant to rob the victim or to aid and abet in her robbery. This issue is overruled.

The final issue: While it would have been the better practice for the prosecuting witness, Detective Johnson, to have testified first, such failure to do so did not substantially injure the appellant. *Mothershed v. State,* 578 S.W.2d 96 (Tenn.Crim. App.1978). Defense counsel agreed that the prosecutor could stay in the courtroom. Nevertheless, defense counsel did interpose an objection when Detective Johnson was called. The appellant contends he was prejudiced by Detective Johnson's testimony since he connected the appellant to the sunglasses of the victim. There is no evi-

dence that Detective Johnson changed his testimony after hearing the other witnesses testify. The error did not affect the results. T.R.A.P. 36(b). The issue overruled, the judgment of the trial court is affirmed.

O'BRIEN and SCOTT, JJ., concur.