# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

## AT JACKSON

### JANUARY SESSION, 1997

| | | |
|---|---|---|
| **STATE OF TENNESSEE,** | ) | **C.C.A. NO. 02C01-9508-CR-00237** |
| | ) | |
| Appellee, | ) | |
| | ) | |
| | ) | **SHELBY COUNTY** |
| **VS.** | ) | |
| | ) | **HON. JOSEPH B. DAILEY** |
| **THEODORE F. HOWARD,** | ) | **JUDGE** |
| | ) | |
| Appellant. | ) | **(AGGRAVATED BURGLARY)** |

**FILED**

**April 11, 1997**

**Cecil Crowson, Jr.**
**Appellate Court Clerk**

ON APPEAL FROM THE JUDGMENT OF THE
CRIMINAL COURT OF SHELBY COUNTY

FOR THE APPELLANT:

**DANIEL FLATT**
Assistant Public Defender
201 Poplar - Suite 2-01
Memphis, TN 38103

**TONY BRAYTON**
Assistant Public Defender
201 Poplar - Suite 2-01
Memphis, TN 38103

FOR THE APPELLEE:

**CHARLES W. BURSON**
Attorney General & Reporter

**CLINTON J. MORGAN**
Assistant Attorney General
450 James Robertson Parkway
Nashville,TN 37243-0493

**JOHN W. PIEROTTI**
District Attorney General

**DAVID HENRY**
Assistant District Attorney General
District Attorney General's Office
201 Poplar Avenue, 3rd Floor
Memphis, TN 38103

OPINION FILED _____

AFFIRMED

THOMAS T. WOODALL, JUDGE

# OPINION

The appellant, Theodore F. Howard, appeals as of right pursuant to Rule 3 of the Tennessee Rules of Appellate Procedure. The Appellant was convicted of aggravated burglary in the Shelby County Criminal Court. The Appellant was sentenced by the trial court to serve fifteen (15) years as a Range III Career Offender. The sole issue the Appellant raises for appeal is whether the trial court erred in failing to instruct the jury on the lesser offense of burglary. We affirm the judgment of the trial court.

At about 10:00 a.m. on September 4, 1994, a neighbor to the house located at 1155 Central Avenue in Memphis heard a loud banging noise. The neighbor and his wife went to their back door and observed a man, who they later identified as the Appellant, breaking out a window on the back door of the house with a brick. The property known as 1155 Central Avenue was then in the possession of United American Bank due to a foreclosure on the property. The house on that property had been vacant for approximately two months prior to September 4, 1994. No one other than the bank's agents had permission to enter or take any property from 1155 Central Avenue. The neighbors saw the Appellant enter the house. The neighbors notified the police, and then the wife and another neighbor waited at the front of the house while her husband, armed with a shotgun, waited at the back of the house for the police to arrive.

The Appellant attempted to leave the house with a ceiling fan, but then saw the neighbor waiting at the back of the house. The Appellant put the fan down in the doorway of the house. The neighbor waiting in the back told the Appellant

the police were on their way and to stop, but the Appellant proceeded to go around the side of the house. The neighbor observed what appeared to be a shiny weapon in the Appellant's hand, and he followed the Appellant to the front of the house. He told the Appellant to put his weapon down and to get down on the sidewalk. The Appellant complied and was held there by the neighbor until the police arrived. The police officer who arrived took the Appellant into custody based upon the information of the witnesses. Appellant gave a statement to the police, introduced into evidence, in which he admitted breaking into the house, taking the fan, and being caught and detained by the neighbors until the police arrived.

I.

The issue Appellant raises for this Court's review is whether the trial court committed reversible error by failing to charge the jury with the instruction for the lesser included offense of burglary. Only when there is some evidence upon which reasonable minds could convict the defendant of a particular lesser offense is the court required to instruct regarding that offense. Johnson v. State, 531 S.W.2d 558, 559 (Tenn. 1975); State v. Atkins, 681 S.W.2d 571, 577 (Tenn. Crim. App. 1984), cert. denied, 470 U.S. 1028 (1985). The practice of so charging, when there is no evidence to support any lesser included offenses, is not favored. State v. Mellons, 557 S.W.2d 497, 499 (Tenn. 1977); Whitwell v. State, 520 S.W.2d 338, 343 (Tenn. 1975).

Various evidence was presented at trial by the State to prove that the building was a habitation. First, an employee of the United American Bank, who

worked in the special asset department handling foreclosures and repossessions, testified that the house at 1155 Central Avenue was a single-family residence in a residential area of Memphis. This employee also stated that the property was not occupied at the time of this burglary. A second witness, a neighbor living behind the property at 1155 Central Avenue, testified that the house was empty for approximately two months prior to the time of the burglary. Other evidence as to the nature of the house at 1155 Central was presented in the form of photographs of the single-family residence. No proof that the house was not designed as a family residence was offered at trial.

The Appellant contends that because the house at 1155 Central Avenue was vacant at the time the Appellant entered the house, the trial court erred in its failure to instruct the jury on burglary. According to Tenn. Code Ann. § 39-14-403, a person commits aggravated burglary when he or she commits burglary of a habitation as defined in Tenn. Code Ann. § § 39-14-401 and 39-14-402. A "habitation" is defined as " . . . any structure, including buildings, mobile homes, trailers and tents, which is designed or adapted for the overnight accommodation of persons . . ." Tenn. Code Ann. § 39-14-401(1)(A). "A person commits burglary who, without the effective consent of the property owner enters a building, other than a habitation (or any portion thereof) not open to the public, with intent to commit a felony, theft or assault . . . ." Tenn. Code Ann. § 39-14-402(a)(1).

The appellant further argues that at some point after a house is unoccupied the house ceases to be a habitation. After the legislature rewrote the criminal code in 1989, there ceased to be any requirement that the structure be occupied at the time of the burglary in order for the structure to be considered a habitation.

-4-

State v. James Ford, III, No. 02C01-9304-CR-00078, Shelby County (Tenn. Crim. App., Jackson, filed August 3, 1994), perm. to appeal denied (Tenn. 1995). In Ford, the defendant was convicted of aggravated burglary of a house which was vacant. This Court held that the house that was burglarized was obviously designed for overnight accommodation and was clearly a "habitation." From all testimony and other pictorial evidence within the record, the house which was entered by the Appellant was obviously designed for overnight accommodation and, therefore, was within the Legislature's definition of a "habitation."

As the evidence is clear as to the nature of the habitation which the Appellant admittedly entered, the issue of the court's failure to give an instruction on the lesser offense of burglary is without merit.

We affirm the conviction of the trial court.

_____
THOMAS T. WOODALL, JUDGE

CONCUR:


_____
JOE B. JONES, Presiding Judge


_____
PAUL G. SUMMERS, Judge