IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
February 13, 2001 Session

## STATE OF TENNESSEE v. MARCUS W. KEENER

**Direct Appeal from the Circuit Court for Lawrence County**
**No. 20403     Robert L. Jones, Judge**

_____

**No. M2000-00177-CCA-R3-CD - Filed April 26, 2001**

_____


GARY R. WADE, P.J., concurring.


        While I concur in the result, I write separately because I believe that the trial court erred by failing to instruct the jury on the lesser included offenses of criminally negligent homicide and reckless homicide.

        The trial court, of course, has a duty to give a complete charge of the law applicable to the facts of the case. State v. Harbison, 704 S.W.2d 314, 319 (Tenn. 1986). There is an obligation "to charge the jury as to all of the law of each offense included in the indictment, without any request on the part of the defendant to do so." Tenn. Code Ann. § 40-18-110(a). Pursuant to our statute and case law interpretations, a defendant is entitled to jury instructions on all lesser offenses for which the evidence would support conviction. Complete instructions allow the jury to determine among each alternative the appropriate offense, if any, for conviction and more evenly balance the rights of the defendant and the state. It is only when the record is devoid of evidence to support an inference of guilt of the lesser offense that the trial court is relieved of the responsibility to charge the lesser crime. State v. Stephenson, 878 S.W.2d 530, 549-50 (Tenn. 1994); State v. Boyd, 797 S.W.2d 589, 593 (Tenn. 1990). The guiding principle is that if there is evidence in the record from which the jury could have concluded that a lesser included offense was committed, there must be an instruction for the lesser offense. See Johnson v. State, 531 S.W.2d 558, 559 (Tenn. 1975). In State v. Burns, 6 S.W.3d 453 (Tenn. 1999), our supreme court confirmed that trial judges should consider all possible lesser included offenses so as to properly confer upon the jury its fact-finding prerogatives:

        First, the trial court must determine whether any evidence exists that reasonable
        minds could accept as to the lesser-included offense. In making this
        determination, the trial court must view the evidence liberally in the light most

favorable to the existence of the lesser-included offense without making any judgments on the credibility of such evidence. Second, the trial court must determine if the evidence, viewed in this light, is legally sufficient to support a conviction for the lesser-included offense. This two-step analysis is practical, can be easily applied by the trial courts, and remains broad enough to preserve both the State's and defendant's rights to consider any lesser-included offenses fairly raised by the proof.

Id. at 469.

In this case, there was evidence from which the jury could have concluded that the defendant was guilty of criminally negligent homicide. Criminal negligence occurs when a person acts under conditions such that he "ought to be aware of a substantial and unjustifiable risk that the circumstances exist or the result will occur. The risk must be of such a nature and degree that the failure to perceive it constitutes a gross deviation from the standard of care that an ordinary person would exercise under all the circumstances as viewed from the accused's person's standpoint." Tenn. Code Ann. § 39-11-106(a)(4). Here, the defendant testified that he returned to the victim's property in order to ensure that the defendant was not overly angry at him and was not going to continue beating his girlfriend. Regarding his shooting of the victim, he testified: "I didn't mean to kill him. I swear I didn't. I was just trying to keep him off of me." The jury should have been given the option to conclude that the defendant's killing of the victim was accidental and, thus, that the defendant was guilty of criminally negligent homicide. Had there been such a conviction, as unlikely as it may have been, this court surely would not have reversed and dismissed for insufficiency of supporting evidence.

In my view, there was also evidence from which the jury could have concluded that the defendant was guilty of reckless homicide. A person acts recklessly when he "is aware of but consciously disregards a substantial and unjustifiable risk that the circumstances exist or the result will occur. The risk must be of such a nature and degree that its disregard constitutes a gross deviation from the standard of care that an ordinary person would exercise under all the circumstances as viewed from the accused person's standpoint." Tenn. Code Ann. § 39-11-106(a)(31). On cross-examination, the defendant admitted that he did not believe that someone shot by a rifle like the one he used to shoot the victim would "be going far." The jury should have been given the option to conclude that the defendant was aware of the substantial and unjustifiable risk to human life posed by firing the rifle at or towards someone. There was at least some proof that the defendant behaved recklessly by returning to the victim's property and by shooting the victim "to keep [the victim] off of him." Had the jury chosen to convict of reckless homicide, this court would have surely upheld the conviction.

Nevertheless, by application of the standard contained in State v. Bolden, 979 S.W.2d 587 (Tenn. 1998), it is my view that the error was harmless beyond a reasonable doubt. The convictions would also be upheld under the standard utilized in State v. Williams, 977 S.W.2d 101 (Tenn. 1998). As to the harmlessness of the error, I concur fully in the majority's analysis.

_____
GARY R. WADE, PRESIDING JUDGE