**Keelon BOAZ and O. C. Hampton, Plaintiffs-in-Error,**

v.

**STATE of Tennessee, Defendant-in-Error.**

Court of Criminal Appeals of Tennessee.

Dec. 18, 1975.

Certiorari Denied by Supreme Court on April 12, 1976.

Edward Witt Chandler, McKenzie, for plaintiffs in error.

R. A. Ashley, Jr., Atty. Gen., Alex B. Shipley, Jr., Asst. Atty. Gen., Nashville, A. H. Schoonover, Asst. Dist. Atty. Gen., Trenton, for defendant in error.

WALKER, Presiding Judge.

## OPINION

The Gibson County grand jury indicted Keelon Boaz for inciting, counseling and procuring David Wilson and O. C. Hampton to commit grand larceny; and it indicted Boaz, David Wilson and O. C. Hampton for grand larceny of a stock trailer, receiving stolen property, concealing stolen property and temporarily using personal property without the owner's consent. The second case was severed as to Wilson and he testified for the state. Boaz was convicted of being an accessory before the fact and sentenced to three years in the penitentiary. The trial judge instructed the jury that the evidence would not sustain a finding of guilt of larceny against Boaz, and he submitted the second case only as to Hampton. The jury found Hampton guilty of grand larceny and fixed his punishment at three years in the penitentiary. Boaz and Hampton appeal in error, first contending that the evidence does not support the verdict as to each of them. Neither offered any evidence to the jury.

The evidence showed that Herron McCaleb owned a blue 14-foot stock trailer which he moved to a shed at his father's farm and that Boaz had been negotiating with him for its purchase. Boaz knew the location of the trailer there. It was found missing August 16, 1974, and was later found in Paris where the paint had been sandblasted from it.

The night of the theft Wilson and Hampton were pulling the trailer with a pickup truck and got stuck in the mud. One Rodney Depriest identified Wilson and Hampton as the men who asked his help in pulling the trailer out of the mud. After his arrest Hampton confessed to his part in stealing the trailer. The confession, with all reference to Boaz eliminated, was admitted into evidence.

In the early part of the investigation, Officer Lonnie Akers went to see Boaz at his home in Carroll County and asked if he knew McCaleb and also if he knew Wilson.

Boaz replied that he did know them and that he had sold Wilson a horse but he had not seen him with a trailer like that described. When the officer left him, Boaz drove in the direction of Wilson's home in Weakley County and the officer followed him within a half mile of that home.

Wilson testified that in August 1974, he and Hampton came to Gibson County and took the trailer. About a week before, he said that Boaz had taken him and another person to the place the trailer was located; Boaz said it would be easy to get; that the job was a snap since no one was at home where the trailer was stored. Nothing came of the first effort but Boaz took him and Hampton there later. That night he and Hampton returned, took the trailer, then became mired in mud and had to have help to get out. By his testimony they took the trailer to Boaz's house, then hid it in a cemetery. He went back and took it to a sandblaster. Their plan was to paint it, sell it and split the proceeds. He said Boaz told him that Officer Akers had been to see him (Boaz).

The evidence abundantly sustains the verdict as to Hampton. In his statement, found voluntary by the trial judge and not the product of an unlawful arrest, he admitted stealing the trailer. Wilson testified that he and Hampton took it and his testimony is corroborated by Depriest who identified Hampton as one of those he helped pull the trailer from the mud. Hampton's assignments on the weight of the evidence are overruled.

Challenging the sufficiency of the evidence, Boaz particularly contends that his conviction is based solely on the uncorroborated testimony of an accomplice. The state does not respond to this claim.

The question of whether or not a thief is an accomplice of an accessory before the fact of the larceny has not been decided in this state. In *Wheelock v. State*, 154 Tenn. 66, 289 S.W. 515, the Supreme Court found unsatisfactory the testimony of an accomplice before the fact and reversed the case without discussing whether the accomplice testimony required corroboration.

The general rule is that an accessory before the fact (Boaz) is an accomplice of the actual perpetrator or principal in the crime. Underhill's Criminal Evidence, 5th Ed., Sec. 175, p. 339. It follows that the perpetrator or principal is also the accomplice of the accessory before the fact. We hold that Wilson was an accomplice of Boaz and his testimony had to be corroborated.

Although only slight circumstances are needed to corroborate an accomplice's testimony and his entire conduct may be looked to, we are unable to find the necessary corroboration here. McCaleb testified that Boaz knew the location of the trailer and Officer Akers testified that Boaz left in the direction of Wilson's home after Akers' inquiry about the trailer, but these circumstances are insufficient to corroborate Wilson's testimony. The assignment must be sustained as to Boaz and the case is reversed as to him.

Although we find the case must be reversed as to Boaz, we examine his other assignments. He contends his statement to Akers violated his *Miranda* rights. Those warnings were not given him in that brief inquiry. He was not in custody or deprived of his freedom in any way. Under the totality of the circumstances here, no warnings were required.

He also claims the statement was inadmissible because the provisions of TCA 40–2441 were not followed in that the district attorney general did not give him the names of those who heard his statement. He filed a pretrial motion for such a statement but did not have it ruled on by the court so far as the record shows, although he did receive a letter from the assistant district attorney general indicating a compliance with his request. Any noncompliance with the statute here would be harmless.

Hampton contends his confession was the product of an illegal arrest and also a product of statements illegally obtained from Boaz. This is overruled. In any event, Akers had probable cause to arrest

Hampton. Akers had already talked to Depriest who identified Hampton and Wilson as those with the trailer; he had also learned of Hampton from Wilson. We have already held Boaz's statement properly obtained.

The defendants say it was error to admit the testimony of Depriest and Galimore since their names were not on the indictment as required by TCA 40–2407. The statute is directory. *McBee v. State*, 213 Tenn. 15, 372 S.W.2d 173.

The defense was given an opportunity to examine these witnesses but refused. From the record it appears that defense counsel had examined these witnesses at least twice before trial and was not surprised. This assignment is without merit.

Likewise meritless is the claim that the court erred in not instructing on petit larceny and in limiting argument to grand larceny.

The proof of the value of the trailer was approximately $800 on the present market. The owner said nothing had changed except the paint when he recovered it. It is clear that the value given represented the value at the time the trailer was stolen.

In an indictment for grand larceny, the court is not required to instruct on petit larceny where there is no evidence to support the lesser included offense. *Reynolds v. State*, 210 Tenn. 310, 358 S.W.2d 320.

In *Whitwell v. State*, Tenn., 520 S.W.2d 338, our Supreme Court said: ". . . (W)e do not approve the practice of charging petit larceny, where there is no evidence to support it, . . ."

This case is affirmed as to defendant Hampton; and reversed and remanded for a new trial as to defendant Boaz.

RUSSELL and DUNCAN, JJ., concur.