# IN THE SUPREME COURT OF TENNESSEE
## AT KNOXVILLE
### September 4, 2003 Session

## JERRY NEAL CARPENTER v. STATE OF TENNESSEE

**Appeal by Permission from the Court of Criminal Appeals**
**Criminal Court for Knox County**
**No. 47388     Richard R. Baumgartner, Judge**

---

**No. E2001-01732-SC-R11-PC - Filed January 13, 2004**

---

FRANK F. DROWOTA, III, C.J., concurring.

I fully agree with the majority's conclusion that the petitioner, Jerry Neal Carpenter, has failed to establish his claim of ineffective assistance of appellate counsel. I do not agree fully with the majority's analysis of this issue, however, and write separately to explain the basis of my concurrence.

The majority opinion accurately sets out the law governing claims of ineffective assistance of counsel. Courts evaluating such claims must determine: (1) whether counsel's performance was deficient; and (2) whether the defense was prejudiced by the alleged deficient performance. Strickland v. Washington, 466 U.S. 668, 687 (1984). Because the post-conviction petition in this case was filed prior to 1995, Carpenter must establish by a preponderance of the evidence both deficient performance and prejudice, and his claim will not succeed if he fails to establish either. See King v. State, 989 S.W.2d 319, 323 (Tenn. 1999). When evaluating claims of ineffective assistance of counsel, appellate courts apply de novo review with a presumption of correctness given the trial court's findings of fact. Fields v. State, 40 S.W.3d 450, 457 (Tenn. 2001).

Applying these familiar standards, I conclude that Carpenter's claim of ineffective assistance of appellate counsel must fail because he has failed to establish deficient performance. The trial record clearly illustrates that the defense strategy was to obtain an acquittal of the charges by raising reasonable doubt in the minds of the jurors. The prosecution was based entirely upon circumstantial evidence. Carpenter's trial counsel attempted to undermine the prosecution's case-in-chief by meticulously offering alternative innocent explanations for the circumstantial evidence. For example, to counter Darrell Waddell's testimony that, on the day of the murder, Carpenter went to the basement after changing his clothes and that the furnace door opened and closed while Carpenter was in the basement, defense counsel offered the testimony of several witnesses, including Waddell, indicating that Carpenter routinely assisted his mother

each afternoon by stoking the fire in the furnace prior to her arrival home from work. To counter the prosecution's evidence that a search of Carpenter's furnace yielded several metal rivets and fasteners similar to those used in the garment industry to make blue jeans, defense counsel called Carpenter's mother who testified that she routinely purchased boxes of used clothing and burned in the furnace items of clothing she was unable to wear. To counter the testimony that Carpenter's clothing had appeared to be spotted with blood on the day of the murder, defense counsel repeatedly pointed out that Carpenter had himself sustained an injury on the afternoon of the murder and that several witnesses had seen the defendant bleeding from the injury.

Defense counsel also spent a great deal of time during the trial cross-examining and impeaching two of the prosecution's most important witnesses: Darrell Waddell and Gregory Dean Herrell. On cross-examination, these witnesses admitted that they had been friends for many years, that they also had been drug addicts for many years, that they had purchased and consumed LSD on the day of the murder, that they previously had stolen money to support their drug habits, and that they previously had given many conflicting statements to the police about this murder. To further cast suspicion on Waddell and Herrell, defense counsel called a witness who testified that he had driven past Myrt's near the time the prosecution alleged the murder had been committed and that he had seen a truck parked by the store matching the description of the truck driven by Waddell. This witness had not seen Carpenter or anyone else leaving Myrt's on foot.

Against this factual background, defense counsel asked the trial court to instruct the jury on lesser-included offenses, but counsel decided not to challenge the trial court's refusal to do so on appeal. As the majority points out, at the time of Carpenter's appeal, this Court's most recently published opinion addressing an appellate challenge to a trial court's refusal to provide instructions on lesser-included offenses was State v. King, 718 S.W.2d 241 (Tenn. 1986). In King, this Court stated:

> The record shows that [the] defendant was indicted for both common law murder and two counts of felony murder, and all counts were submitted to the jury for decision. Anytime a court instructs a jury in a homicide case, he [sic] should instruct all lesser included offenses and in most instances it is error not to do so. But where the evidence clearly shows that [the] defendant was guilty of the greater offense, it is not error to fail to charge on a lesser included offense. State v. Mellons, 557 S.W.2d 497 (Tenn. 1977); Johnson v. State, 531 S.W.2d 558, 559 (Tenn. 1975); State v. Wright, 618 S.W.2d 310, 315 (Tenn. Crim. App. 1981). In this case the record of the guilt phase of the trial is devoid of any evidence which would permit an inference of guilt of second-degree murder or the other lesser included offenses. The State's proof of premeditation and deliberation, and the fact that the killing occurred during the commission of a felony, which includes the defendant's confessions to Childers and to the police, was uncontradicted. Consequently, we find no prejudicial error in the trial judge's refusal to instruct the jury on the elements of murder in the second degree.

-2-

718 S.W.2d at 245 (emphasis added).

As the majority correctly recognizes appellate counsel are not constitutionally required to raise every conceivable issue on appeal. King v. State, 989 S.W.2d 319, 334 (Tenn. 1999); Campbell v. State, 904 S.W.2d 594, 596-97 (Tenn. 1995). Indeed, this Court previously has commented that "experienced advocates have long 'emphasized the importance of winnowing out weaker arguments on appeal and focusing on one central issue if possible, or at most a few key issues.'" Cooper v. State, 849 S.W.2d 744, 747 (Tenn. 1993) (quoting Jones v. Barnes, 463 U.S. 745, 751 (1983). Courts evaluating claims of ineffective assistance of appellate counsel must afford considerable deference to counsel's choices regarding issues for appeal and should not second-guess or judge counsel's choices in the distorting light of hindsight. Campbell, 904 S.W.2d at 597.

Applying these standards to trial counsel's decision to not appeal the trial court's refusal to instruct on lesser-included offenses, I have no hesitation in concluding that the choices made by appellate counsel in this case were reasonable and within the range of competence of attorneys in criminal cases. As previously stated, defense counsel's aim at trial was to obtain an acquittal, not to convince the jury that Carpenter was guilty only of a lesser-included offense, such as second degree murder. Indeed, the jury heard no evidence indicating that Carpenter was guilty only of second degree murder or of another lesser homicide. As defense counsel testified at the hearing on the post-conviction petition: "I don't think the proof, under any view of it, justified a determination that it was not first degree murder, but was second degree murder." In light of the proof in the record, and this Court's then-recent pronouncement in King, counsel decided not to raise on appeal the trial court's refusal to instruct on lesser-included offenses. This decision, in my view, was reasonable.

The majority states that the language in King "apparently has been a source of misunderstanding as to when lesser-included offense instructions must be given." Whatever misunderstanding this language may have engendered in more recent years, at the time of Carpenter's appeal – the time pertinent to the issues in this appeal – the law was clear and as stated in King. In sum, King stood for the proposition that an appellate challenge to a trial court's refusal to instruct on lesser-included offenses was likely to be unsuccessful where the evidence clearly showed that the defendant was guilty of the greater offense, and the record was devoid of evidence that would permit an inference of guilt of second degree murder or another lesser included offense.[1] Furthermore, any recent misunderstanding of King related only to its

_____

[1]Indeed, this rule was applied as recently as 1998. See State v. Vann, 976 S.W.2d 93, 100-01 (Tenn. 1998) ("Reviewing the evidence in this record, we agree with the Court of Criminal Appeals that the trial court did not err in failing to give a jury instruction on second degree murder and facilitation of a felony. The evidence in this record establishes that the victim had been killed during the perpetration of a rape, or that the victim had died from an accidental choking on popcorn, or that the victim had committed suicide. The record in this case is devoid of evidence to support a jury charge on the offenses of second degree murder and facilitation of a felony. State v. Boyd, 797 S.W.2d 589, 593

description of a trial court's refusal to instruct as both "not error" and as "no prejudicial error." However, appellate challenges to a trial court's refusal to instruct are destined for failure under either of these descriptions; therefore, attorneys winnowing out issues for appeal following King likely did not spend a great deal of time parsing this language.

Assuming for a moment, for the sake of argument, that the majority is correct in its assertion that the law was unclear at the time of Carpenter's appeal, I am puzzled by the majority's statement that "[t]he confusion at the time of Carpenter's appeal regarding when lesser-included offense instructions were required <u>weighs heavily in favor of concluding that appellate counsel's decision not to pursue the issue was reasonable</u>." (Emphasis added.) The opposite, it seems to me, would be true. Indeed, this Court stated as much in <u>Miller v. State</u> 54 S.W.3d 743, 747 n.6 (Tenn. 2001) (Drowota, C.J., author):

> Amicus Curiae, Tennessee Association of Criminal Defense Lawyers, argues that waiver should not apply because the law concerning deliberation was in a state of great disarray at the time of Miller's trial, and as a result, diligent counsel could not have recognized or asserted the issue. With all due respect, we must disagree. Amicus Curiae's argument is based on two faulty propositions. First, there is no indication in *Brown* that the law actually was in a state of great disarray. The strongest words used in the *Brown* decision were "blurred" and "muddled". <u>Furthermore, a diligent attorney is *more,* not less, likely to raise an issue relating to an area of the law that is in a state of great disarray. Indeed, it seems more reasonable to conclude that diligent counsel is less likely to raise an issue when he or she performs research and discovers that the law in an area is well-settled and uniformly applied. Amicus Curiae's arguments that waiver should not be applied are unpersuasive.</u>

(Emphasis added.) Indeed, this statement in <u>Miller</u> is reflected in Tennessee Rule of Appellate Procedure 11, which lists among the "character of reasons" this Court considers when determining whether to grant an application for permission to appeal "the need to secure uniformity of decision." Thus, while I do not agree that the law was unclear at the time of Carpenter's appeal, if confusion existed, as the majority asserts, such confusion would have weighed heavily <u>against</u>, not in favor of, finding that appellate counsel's decision not to pursue the issue was reasonable.

## Conclusion

_____

(Tenn.1990); <u>State v. King</u>, 718 S.W.2d 241, 245 (Tenn.1986). Therefore, failure to instruct the jury on these offenses was not error.")

As previously stated, in my view, at the time of Carpenter's appeal the law was clear and as stated in King. Given the proof in this record and the governing law, counsel's decision not to challenge on appeal the trial court's failure to instruct on lesser-included offenses was reasonable and not deficient. Thus, I concur in the majority's conclusion that Carpenter has failed to establish his claim of ineffective assistance of appellate counsel but disagree with the majority's analysis for the reasons herein explained.

_____
FRANK F. DROWOTA, III, CHIEF JUSTICE