IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON
Assigned on Briefs November 12, 2008

## ALFONZO WILLIAMS v. STATE OF TENNESSEE

**Appeal from the Criminal Court for Shelby County**
**No. P-27862     Carolyn Wade Blackett, Judge**

---

**No. W2008-00106-CCA-R3-PC  -  Filed July 29, 2009**

---

The Petitioner, Alfonzo Williams, appeals from the Shelby County Criminal Court's denial of post-conviction relief from his conviction for second degree murder and sentence of twenty years in the Department of Correction. The Petitioner argues that he received the ineffective assistance of counsel at trial in failing to object to the trial court's self-defense jury instruction, failing to request a supplemental instruction, failing to object to the trial court's answer in response to a jury question, and failing to raise the issue in his motion for new trial. He also argues that he received the ineffective assistance of appellate counsel because counsel did not address these issues on appeal. We conclude that the Petitioner failed to prove that his counsel was ineffective. We affirm the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

JOSEPH M. TIPTON, P.J., delivered the opinion of the court, in which ALAN E. GLENN, J., joined. D. KELLY THOMAS, JR., J., filed a dissenting opinion.

Robert Brooks, Memphis, Tennessee, for the appellant, Alfonzo Williams.

Robert E. Cooper, Jr., Attorney General and Reporter; Benjamin A. Ball, Assistant Attorney General; William L. Gibbons, District Attorney General; and Paul F. Goodman, Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**

The Petitioner filed a pro se petition for post-conviction relief on November 14, 2003, in which he alleged, among other grounds, ineffective assistance of counsel. See Alfonzo Williams v. State, No. W2004-00325-CCA-R3-PC, Shelby County, slip op. at 2 (Tenn. Crim. App. Oct. 13, 2004) (Alfonzo Williams II). The trial court summarily dismissed the petition having "determined that September 23, 2002, the date our supreme court denied permission to appeal, was the date that triggered commencement of the post-conviction statute of limitations. Therefore, the court found that the Petitioner's petition for post-conviction relief . . . was untimely." Id., slip op. The Petitioner appealed, and this court concluded that because "the record [on appeal] does not definitively show

the date that the judgment(s) against the Petitioner became final," it was "unable to determine the timeliness of [the] post-conviction petition." Id., slip op. at 2-3. Accordingly, this court remanded the case to the trial court. Id., slip op. at 3.

On February 25, 2005, the trial court issued an order appointing counsel and setting an evidentiary hearing. In the order, the trial court determined that the Petitioner's second stated issue in his petition, an assertion that the evidence produced at trial was insufficient to sustain convictions for either first degree or second degree murder, was previously determined in that this court had disposed of the issue on direct appeal. See State v. Alfonzo Williams, No. W2001-00452-CCA-R3-CD, Shelby County, slip op. at 4-5 (Tenn. Crim. App. Mar. 15, 2002) (Alfonzo Williams I) (holding that the evidence was sufficient to support the convictions). The court determined that the Petitioner's first and third stated issues, concerning jury instructions, were waived for failure to raise them on direct appeal. The trial court ruled that the only issue proper for post-conviction review was the Petitioner's ineffective assistance of counsel claim. Post-conviction counsel filed an amended petition, and the trial court conducted an evidentiary hearing on September 27 and 28, 2007.

Relevant Trial Proceedings

This court's opinion from the Petitioner's direct appeal provides the following information about the trial court proceedings. The Petitioner was convicted for killing Derrick McKinney. At the trial, the victim's mother testified that she saw the victim's speeding vehicle pass by her and crash into a telephone pole. The police who pulled the victim from his red Cadillac determined that the victim had suffered a gunshot wound before the crash. The Petitioner's cousin, great aunt, and roommate all testified that the Petitioner told them that he had acted in self-defense. The cousin, Reginald Jackson, testified that the day after the shooting, the Petitioner asked him for a ride to the police station "because he had heard that officers were looking for him." The Petitioner told Jackson that he had shot the victim in self-defense "because the 'paranoid' victim pulled a gun, thinking the [Petitioner] was attempting to rob him." Id., slip op. at 2-4.

The defendant's great aunt, Bobbie Fisher, testified that two days after the shooting, the Petitioner "told her . . . that 'he had [done] something, but it was self-defense.'" Id., slip op. at 2. However, "Fisher conceded [that] the [Petitioner] never specifically mentioned shooting at or killing anyone . . . ." Id., slip op.

Larry Wright, the Petitioner's roommate, testified

> that on [the night of the shooting] shortly before midnight, he
> received a phone call from the [Petitioner]. Wright stated [that] the
> [Petitioner] informed him that "[while] trying to rob [someone], . . .
> the dude pulled a gun up on him so he had to shoot him;" and the
> shooting occurred in a "burgundy shorty Cadillac" at [a grocery store]
> parking lot. Wright further testified [that] the [Petitioner] called him
> again the following night stating, "if you all don't get [a named
> female] quiet, I'm going to have to kill a bunch of [people]." On
> cross-examination, Wright conceded that the [Petitioner] never

mentioned the victim by name, but stated that the victim drove a burgundy/maroon "Cadillac Deville shorty."

Id., slip op. at 3.

The Petitioner testified that the victim was still alive when he and the victim parted ways the night of the shooting. Id., slip op. at 3. He argued that Jackson, Fisher, and Wright were all "testifying falsely" for various reasons: he said that Wright had become upset "over a 'baseball cap' and was angry because [the Petitioner] would not join Wright's gang," that Jackson "had a grudge about . . . some money," and that Fisher "was attempting to get a reward from Crime Stoppers . . . ." Id., slip op. He also claimed that Wright had told him before trial that the police had scared him into implicating the Petitioner. Id., slip op.

The trial court instructed the jury on self-defense. The first sentence of the instruction read, "Included in the defendant's plea of not guilty is his plea of self-defense." During the course of its deliberations, the jury submitted two questions to the trial court, the first of which is at issue here. The trial court read the question into the record, "Number one, self-defense. What was the defendant's plea? The charge says that the plea included self-defense. 'Did he say he did it in self-defense,' is the question." The trial court and the parties then engaged in a brief discussion outside the presence of the jury. The trial court noted, "I think what they're hung up on is [that] this defendant himself didn't say anything on the stand about . . . defending himself. It came in through some witnesses the [S]tate put on saying that he told them . . . ." The trial court told the parties that "I can only tell them that as a matter of law, the court is required to charge in this case that defense." The Petitioner's counsel asked the trial court, "[I]s it proper for you to reaffirm to them that his plea is simply not guilty if they ask what his plea was?" The trial court did not answer counsel's question and did not issue a supplemental instruction to that effect. Rather, the trial court informed the jury foreperson, "in regard to question number one . . . the court had to charge self-defense as a matter of law in this case. So the court charged self-defense as a matter of law." Trial counsel did not object to the trial court's answer to the jury question. That failure, his failure to suggest that the trial court answer the question in a particular manner, his failure to challenge the supplemental instruction in the motion for new trial, and appellate counsel's failure to raise the issue on appeal form the bases of the Petitioner's ineffective assistance of counsel claims on appeal.

Evidentiary Hearing Testimony

At the evidentiary hearing, trial counsel testified that the trial court "seemed confused about what the question [regarding self-defense] even was." He said he engaged in a discussion with the trial court during which he tried

> to clarify with the judge what I thought the confusion was with the jury was the way . . . the instruction was read that somehow or another they had superimposed that he was . . . pleading self-defense when he had in fact gotten on the stand and his testimony was that he wasn't even there when the [victim] was killed.

-3-

Trial counsel acknowledged that other witnesses had testified that the Petitioner killed the victim in self-defense. He also acknowledged that he did not object to the trial court's answer to the jury question, in which the court stated that it charged self-defense as a matter of law. Trial counsel testified that he did not object to the original instruction and did not raise the issue in the motion for new trial because he "didn't see any issue" with the instruction that necessitated an objection. Appellate counsel testified that he did not raise the issue on appeal because it had not been included in the motion for new trial and therefore was not properly preserved for appeal.

On November 27, 2007, the trial court issued an order denying the petition for post-conviction relief. Regarding the Petitioner's assertion that trial counsel was ineffective for failing to suggest an appropriate answer to the jury's question, the trial court found that "trial counsel specifically requested that the judge reaffirm to the jury that Petitioner's plea was simply 'not guilty' and that Petitioner did not claim self-defense." The trial court also found that trial counsel was not ineffective for failing to object to the trial court's answer because "[w]hen the trial judge answered the jury's question, the trial judge told the jury that the court 'had to charge self[-]defense as a matter of law in this case.' The trial judge did not tell the jury that the Petitioner's not guilty plea included a claim of self-defense." The trial court found that appellate counsel was not ineffective for failing to raise the jury question issue on appeal because the issue had been waived by trial counsel's failure to include the issue in the Petitioner's motion for new trial. The Petitioner has appealed.

Analysis

The burden in a post-conviction proceeding is on the Petitioner to prove the factual allegations contained in his petition by clear and convincing evidence. T.C.A. § 40-30-110(f). On appeal, we are bound by the trial court's findings of fact unless we conclude that the evidence in the record preponderates against those findings. Fields v. State, 40 S.W.3d 450, 456 (Tenn. 2001). Because they relate to mixed questions of law and fact, we review the trial court's conclusions as to whether counsel's performance was deficient and whether that deficiency was prejudicial under a de novo standard with no presumption of correctness. Id. at 457.

Under the Sixth Amendment to the United States Constitution, when a claim of ineffective assistance of counsel is made, the burden is on the Petitioner to show (1) that counsel's performance was deficient and (2) that the deficiency was prejudicial. Strickland v. Washington, 466 U.S. 668, 687 (1984); see Lockart v. Fretwell, 506 U.S. 364, 368-372 (1993). In other words, a showing that counsel's performance falls below a reasonable standard is not enough because the Petitioner must also show that but for the substandard performance, "the result of the proceeding would have been different." Strickland, 466 U.S. at 694. The Strickland standard has been applied to the right to counsel under Article I, Section 9 of the Tennessee Constitution. State v. Melson, 772 S.W.2d 417, 419 n.2 (Tenn. 1989).

A Petitioner will only prevail on a claim of ineffective assistance of counsel after satisfying both prongs of the Strickland test. See Henley v. State, 960 S.W.2d 572, 580 (Tenn. 1997). The performance prong requires a Petitioner raising a claim of ineffectiveness to show that the counsel's representation fell below an objective standard of reasonableness or "outside the wide range of professionally competent assistance." Strickland, 466 U.S. at 690. In Baxter v. Rose, 523 S.W.2d

930, 936 (Tenn. 1975), our supreme court decided that attorneys should be held to the general standard of whether the services rendered were within the range of competence demanded of attorneys in criminal cases. The prejudice prong requires a Petitioner to demonstrate that "there is a reasonable probability that, but for counsel's professional errors, the result of the proceeding would have been different." Strickland, 466 U.S. at 694. "A reasonable probability means a probability sufficient to undermine confidence in the outcome." Id. Failure to satisfy either prong results in the denial of relief. Id. at 697.

Central to the resolution of the Petitioner's stated issues is a determination of whether the trial court's jury instruction regarding self-defense was proper. The State argues that the trial court properly instructed the jury on self-defense, and therefore the Petitioner cannot prove that he was prejudiced by the instruction or by the manner of counsel's addressing the jury question regarding the instruction. The Petitioner contends that the instruction was improperly given and that "trial counsel rendered ineffective assistance by failing to make a proper legal objection to the instruction[]" and to the trial court's answer to the jury question regarding the self-defense instruction.

In criminal cases, the trial court must give "a complete charge of the law applicable to the facts of the case and the defendant has a right to have every issue of fact raised by the evidence and material to his defense submitted to the jury upon proper instructions by the judge." State v. Thompson, 519 S.W.2d 789, 792 (Tenn. 1975); see T.C.A. § 39-11-203(c), (d) (2006) (entitling a defendant to have the issue of the existence of a defense submitted to the jury when it is fairly raised by the proof). "In determining whether a defense is raised by the evidence, the court must examine the evidence in the light most favorable to the defendant to determine whether there is evidence that reasonable minds could accept as to that defense." State v. Sims, 45 S.W.3d 1, 9 (Tenn. 2001) (citing Johnson v. State, 531 S.W.2d 558, 559 (Tenn. 1975); State v. Bult, 989 S.W.2d 730, 733 (Tenn. Crim. App. 1998)); see also State v. Shropshire, 874 S.W.2d 634, 639 (Tenn. Crim. App. 1993).

An erroneous jury instruction deprives the defendant of the constitutional right to a jury trial and is subject to a harmless error analysis. See State v. Garrison, 40 S.W.3d 426, 433-34 (Tenn. 2000). A jury instruction must be reviewed in its entirety and read as a whole rather than in isolation. State v. Leach, 148 S.W.3d 42, 58 (Tenn. 2004). "An instruction should be considered prejudicially erroneous only if the jury charge, when read as a whole, fails to fairly submit the legal issues or misleads the jury as to the applicable law." State v. Faulkner, 154 S.W.3d 48, 58 (Tenn. 2005) (citing State v. Vann, 976 S.W.2d 93, 101 (Tenn. 1998)).

This court routinely considers appeals from defendants who argue that a particular defense was raised by the proof at trial and that the trial court erred by failing to give an instruction regarding that defense. However, in this case the trial court gave an instruction on self-defense that the defendant did not request. The Petitioner argues that because he did not rely upon the theory of self-defense at trial, the trial court should not have given the instruction. The State contends that although the Petitioner did not pursue the theory and did not present the proof which led the trial court to issue the self-defense instruction, the instruction was properly given because the issue of

self-defense was raised by the proof, regardless of the fact that such proof came from testimony of the State's witnesses.

In analyzing the Petitioner's argument, we are guided by the example of the Tennessee Supreme Court in Sims. In announcing the standard for determining whether a particular defense was fairly raised by the proof, our supreme court cited its earlier decision in Johnson v. State, where the court developed a standard for determining whether the evidence produced at trial was sufficient for the trial court to give an instruction on a lesser included offense. Sims, 45 S.W.3d at 9. In Johnson, the court held:

> The test as to whether instructions on lesser included offenses or special requests should be given is not by any means the same test as that in determining whether evidence is sufficient to sustain a conviction. The cases are clear that if there is any evidence which reasonable minds could accept as to any such offenses, the accused is entitled to appropriate instructions.

Johnson, 531 S.W.2d at 559.

Similarly, we note that our supreme court has held that "[t]he trial court must provide an instruction on a lesser-included offense supported by the evidence even if such instruction is not consistent with the theory of the State or of the defense. The evidence, not the theories of the parties, controls whether an instruction is required." State v. Allen, 69 S.W.3d 181, 187-88 (Tenn. 2001). As such, just as the supreme court applied its holding in Johnson, a case involving lesser included offenses, to develop its holding in Sims regarding jury instructions on defenses, we apply the supreme court's holding in Allen to conclude that an instruction on a defense must be given if fairly raised by the proof regardless of whether the defense relies on the theory or requests that an instruction be given as to that theory.

The question then becomes whether a self-defense instruction was warranted in this case. At the time the Petitioner committed these offenses, the Code provided:

> A person is justified in threatening or using force against another person when and to the degree the person reasonably believes the force is immediately necessary to protect against the other's use or attempted use of unlawful force. The person must have a reasonable belief that there is an imminent danger of death or serious bodily injury. The danger creating the belief of imminent death or serious bodily injury must be real, or honestly believed to be real at the time, and must be founded upon reasonable grounds. There is no duty to retreat before a person threatens or uses force.

T.C.A. § 39-11-611(a) (1997) (amended 2007).

At the Petitioner's trial, three witnesses testified for the State that the Petitioner said he acted in self-defense. Bobbie Fisher, the Petitioner's great-aunt, testified that the Petitioner "had [done] something, but it was self-defense." However, because Fisher did not testify that the Petitioner used force against anyone and provided no information about the circumstances leading to the Petitioner's actions, her testimony could not have been considered evidence that fairly raised the issue of self-defense. Larry Wright, the Petitioner's roommate, testified that while the Petitioner was attempting to rob someone, the other person pulled a gun "so [the Petitioner] had to shoot him." The self-defense statute in effect at the time of the Petitioner's trial stated:

> (d)     The threat or use of force against another is not justified if the person provoked the other individual's use or attempted use of unlawful force, unless:
>
> (1)     The person abandons the encounter or clearly communicates to the other the intent to do so; and
>
> (2)     The other nevertheless continues or attempts to use unlawful force against the other person.

T.C.A. § 39-11-611(d)(1), (2) (1997) (amended 2007). Because Wright testified that the Petitioner was the initial aggressor and offered no testimony that the Petitioner attempted to abandon the encounter with the victim, Wright's testimony did not fairly raise the self-defense issue.

The third witness, Reginald Jackson, testified that the Petitioner told him that as the Petitioner and the victim walked to a store, the victim "[got] paranoid and thought he was going to rob him and pulled a gun. And in retaliation, [the victim] was shot in self[-]defense." While Jackson was the only witness whose testimony raised the self-defense issue, the amount of evidence needed to require a jury instruction regarding a particular defense is not substantial. Jackson's testimony, taken in a light most favorable to the Petitioner, was such that "reasonable minds" could accept the testimony as fairly raising the self-defense issue. Thus, a self-defense instruction was justified.

We consider separately the questions whether counsel provided ineffective assistance at trial and on appeal. With respect to the trial, the Petitioner alleges that counsel was ineffective in failing to object to the initial instruction, failing to request a supplemental instruction, failing to object to the instruction given in response to the jury's question, and failing to raise the issue in the motion for new trial.

The trial court's initial self-defense instruction used the language of the former Tennessee Pattern Jury Instruction (Criminal) 40.06(a) (repealed 2007), which begins, "Included in the defendant's plea of not guilty is his plea of self-defense." Although the opening sentence of this jury instruction would apply in most cases, it did not in this case. The trial court noted during its discussion with counsel after the jury presented its question that the "[Petitioner] himself didn't say anything on the stand about . . . defending himself." Thus, the trial court was aware that the Petitioner did not "[i]nclude . . . [a] plea of self-defense" in his not guilty plea. The Petitioner's counsel did not object. However, the trial court took subsequent action which adequately instructed

-7-

the jury, which is discussed below. Because the court's action was adequate, the trial counsel's performance at trial cannot be considered deficient.

In reviewing jury instructions on appeal to determine whether they are erroneous, the court should review the charge in its entirety and read it as a whole. See State v. Hodges, 944 S.W.2d 346, 352 (Tenn. 1997). An erroneous instruction is considered prejudicial only if it fails to submit the legal issues fairly or if it misleads the jury as to the applicable law. Id. The jury asked if the Petitioner said he acted in self-defense. The court informed the jury that it was required to charge self-defense as a matter of law. Notably, the court did not say the Petitioner was claiming self-defense. The reasonable interpretation to take from the trial court's response is that the court, not the Petitioner, raised the issue of self-defense. This was not an instruction to the jury that the Petitioner claimed that the killing was in self-defense. Upon review of the charge as a whole, we conclude that the jury received proper instructions and was not misled as to the applicable law. See Faulkner, 154 S.W.3d at 58; Leach, 148 S.W.3d at 58. Absent a showing that the legal instructions were not fairly submitted or that the jury was misled as to the law, the Petitioner has failed to show that he was prejudiced by the performance of counsel in his lack of objection during the trial and failure to preserve the issue for appeal.

Next, we must consider whether the Petitioner received ineffective assistance of counsel when counsel did not raise the issue of the self-defense instruction on appeal. Based upon our conclusion above that the jury, ultimately, received proper instructions and was not misled, we conclude that counsel's omission of this issue from the appeal was not deficient performance. Counsel had no obligation to raise an issue that was without merit on appeal.

In consideration of the foregoing and the record as a whole, the judgment of the trial court is affirmed.


_____
_____ JOSEPH M. TIPTON, PRESIDING JUDGE